UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6:20-CR-021-CHB-HAI-3 |
| v. | ) ) | |
| ROBERT TYLER SMITH, | ) ) ) | **ORDER ADOPTING RECOMMENDED DISPOSITION** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. *See* [R. 137]. The Recommended Disposition addresses the conditions of Defendant Robert Tyler Smith's supervised release that he was alleged to have violated.

By way of background, judgment was entered against Smith in this District in May 2021, after he pled guilty to one count of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. *See* [R. 95]. Smith was originally sentenced to 41 months of imprisonment to be followed by three years of supervised release. *See id.* at 2–3. On March 17, 2023, Smith was released from the custody of the Bureau of Prisons and began service on his term of supervised release.

In June 2023, the United States Probation Office ("USPO") informed the Court that Smith had failed to report an arrest (for alcohol intoxication) as required by the conditions of his release, but the USPO recommended that no action be taken at that time. *See* [R. 109]. The Court approved the USPO's request. *See id.*

In July 2023, the USPO issued a Supervised Release Violation Report ("the Report"), which charges Smith with a single violation of the condition of his release that prohibits the commission of another federal, state, or local crime.[1]  See [R. 110].  On July 13, 2023, Magistrate Judge Ingram conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 for Smith's initial violation.  See [R. 112].  At that time, Smith was released on his conditions of supervision, as well as additional conditions that he remain on home detention, that he not drive, and that he submit to weekly drug testing.  See id.

Subsequently, the USPO issued an Addendum, which updated the state charges underlying the violation charged in the Report,[2] and a Second Addendum, which contained two new violations for a urine specimen that tested positive for a fentanyl metabolite.[3]  Specifically, the Second Addendum added Violation #2, which alleges violation of the condition that prohibits unlawful use of a controlled substance, and Violation #3, which alleges violation of the condition prohibiting commission of another federal, state, or local crime and the condition prohibiting unlawful controlled-substance possession.  See [R. 137, pp. 3–4] (discussing Second Addendum).

---

[1] The Report states: "On July 1, 2023, the defendant was arrested by the Corbin, Kentucky, Police Department and charged with the following: Operating a Motor Vehicle Under the Influence of a Substance-K.R.S. § 189A.010(1C), a Class B misdemeanor; Disregarding a Stop Sign-K.R.S. § 189.330, a violation; Improperly on Left Side of Road-K.R.S. § 189.345, a violation; Failure to or Improper Signal-K.R.S. § 189.380, a violation; and Failure to Produce Insurance Card-K.R.S. § 304.39-117, a violation.  The case is filed under Knox County, Kentucky, District Court case #23-T-3634."

[2] The Addendum states: "On December 7, 2023, the defendant entered a guilty plea to Disregarding a Stop Sign-K.R.S. § 189.330 and Failure to Produce Insurance Card-K.R.S. § 304.39-117.  Smith was fined $100 and ordered to pay $143 in court cost in regard to Disregarding a Stop Sign and fined $250 in regard to Failure to Produce Insurance Card.  All remaining charges were dismissed."

[3] The Second Addendum states: "On February 20, 2024, the defendant submitted a urine specimen which appeared positive for fentanyl, via instant testing device.  The defendant denied the use of fentanyl.  The specimen was sent to Abbott for confirmation.  On February 25, 2024, a Drug Test Report was received from Abbott, confirming positive test results for norfentanyl, a fentanyl metabolite."  At the final hearing, Smith insisted that he did not knowingly ingest fentanyl, but rather took what he thought was a Xanax that he had obtained unlawfully.  See [R. 137, p. 4].

On March 1, 2024, Smith appeared before Magistrate Judge Ingram for his initial appearance on the additional violations alleged in the Second Addendum and, "after being sworn, competently, knowingly, voluntarily and intelligently waived his right to a preliminary hearing." *See* [R. 134]. Smith had been taken into custody on a warrant by the United States Marshal just prior to that hearing, and he was remanded to Marshal's custody at the end of the hearing. *See id.*

On March 15, 2024, the parties appeared before Magistrate Judge Ingram for a final hearing regarding revocation of Smith's supervised release. *See* [R. 136]. At that time, Magistrate Judge Ingram found Smith competent to stipulate to the violations and that the stipulation was competently, knowingly, voluntarily, and intelligently entered into. *See id.*; *see also* [R. 137, p. 4]. Ultimately, Magistrate Judge Ingram recommended that Smith be found guilty of all three violations, that his term of supervised release be revoked, and that he be sentenced to twelve months and a day of imprisonment, to be followed by one year of supervised release. *See* [R. 137, p. 9]. Magistrate Judge Ingram also recommended additional conditions, including that Smith be required to participate in a mental-health treatment program at the discretion and direction of his probation offer and that a status conference be set approximately six months after Smith's release. *See id.* at 10. Magistrate Judge Ingram explained his reasoning for these recommendations. In particular, Magistrate Judge Ingram observed that revocation in a case of this nature is mandated by statute and is recommended by the Guidelines; he further considered all the statutory factors, the Guidelines range, and the parties' jointly recommended penalty.

Magistrate Judge Ingram's Recommended Disposition advised the parties that any objections must be filed within fourteen days. *See id.* The time to file objections has passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so. Instead, Smith has filed a Waiver of Allocution. *See* [R. 143].

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a magistrate judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *See United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record, and agrees with Magistrate Judge Ingram's Recommended Disposition.

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [**R. 137**] is **ADOPTED** as the opinion of this Court.

2. Defendant is found **GUILTY** of all three violations.

3. Defendant's supervision is **REVOKED**.

4. Defendant is **SENTENCED** to a term of **twelve months and a day** of imprisonment to be followed by **one year** of supervised release.

5. A condition requiring participation in a mental-health treatment program at the discretion and direction of the probation officer is **ADDED**.

6. A condition requiring a status conference approximately six months after Defendant is released is also **ADDED**. The probation officer shall promptly contact Magistrate Judge Ingram after Defendant's release so such conference can be scheduled.

- 5 -

7. Judgment shall enter promptly.

This the 2nd day of April, 2024.

*Claria Horn Boom*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY